UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALEXIS ANN BARNABA, as guardian ad litem for minor child and successor-in-interest A.N.Y.; and YVETTE YOUNG,

Plaintiffs,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.:  23-cv-01622-AJB-SBC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**(Doc. No. 32)**

Before the Court is a motion to dismiss Plaintiffs Alexis Ann Barnaba, as guardian ad litem for minor child and successor-in-interest A.N.Y., and Yvette Young's (collectively, "Plaintiffs") Second Amended Complaint ("SAC") filed by the County of San Diego ("the County"), Anthony Ray, Kelly Martinez, Theresa Adams-Hydar, William Gore, and Erika Frierson's ("Individual Defendants") (collectively, "Defendants"). (Doc. No. 32.) The motion is fully briefed. (Doc. Nos. 40, 41.)

## I.    BACKGROUND

This case arises out of the death of Chaz Guy Young-Villasenor ("Decedent") while incarcerated as a pretrial detainee at the San Diego County Central Jail. (SAC, Doc. No.

26 at ¶ 7.) There, on May 5, 2022, Decedent died of "an overdose of . . . methamphetamine and/or fentanyl[.]" (*Id.* ¶ 34.) Plaintiffs sued alleging causes of action for violations of federal civil rights, as well as state law claims for wrongful death, negligence, and failure to provide immediate medical care.

The operative complaint is the SAC, which Plaintiffs filed after the Court's Order granting in part and denying in part a motion to dismiss their First Amended Complaint ("FAC"). Relevant here, in that Order, the Court directed Plaintiffs to file an amended complaint identifying those "Does 7 through 10" who are readily identifiable. (Doc. No. 24 at 17.) The Court also granted the motion to dismiss Plaintiffs' civil rights claim for interference of familial relationship but permitted them leave to amend. (*Id.* at 11.) The instant motion to dismiss challenges Plaintiffs' amendments concerning these two deficiencies. (Doc. No. 32-1 at 5–10.) This Order follows.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To determine the sufficiency of the complaint, the court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). This tenet, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plausibility demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal. *Id.* at 679.

## III.    DISCUSSION

Defendants argue that the Individual Defendants must be dismissed because they have been added to the SAC as "distinct entities and not 'Does'" and that the SAC "still

2

fails to articulate sufficient facts to substantiate a claim for loss of familial relationship for plaintiff A.N.Y." (Doc. No. 32-1 at 5, 10.) As more fully explained below, the Court agrees with the former but disagrees with the latter.

### A. Improper Addition of Defendants

Defendants contend that Plaintiffs impermissibly added the Individual Defendants to their SAC because they were not substituted for any of the ten unidentified "Does," but rather, added as new defendants. (*Id.* at 5.)

A party may amend a pleading once as a matter of course and thereafter only by consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2).

Here, Plaintiffs assert that they "clearly added the names of RAY, MARTINEZ, ADAMS-HYDAR, GORE, BARNETT, and FRIERSON in response to this Court's order for Plaintiffs to 'file a timely amended complaint naming . . . Doe Defendants.'" (Doc. No. 40 at 8.) This argument, however, is belied by the plain language of their SAC. As explained in the Court's prior Order, Plaintiffs alleged in their FAC that "Does 7 through 10 'are supervisors and policy-making officials,' including various Sheriff's Department employees, supervisory personnel employed by the County, members of the Board of Supervisors, and other County officials." (Doc. No. 24 at 17 (quoting the FAC at ¶ 10).) Because several of these Doe Defendants "are readily identifiable," the Court ordered Plaintiffs to name them in an amended complaint. (*Id.*) That is not what Plaintiffs did.

Although the Individual Defendants that Plaintiffs named are current and former Sheriff's Department employees (and would thus fit the category of defendants described as Does 7 through 10), they pled in multiple paragraphs that the Individual Defendants "***as well as*** Defendants DOES 7 through 10" are liable for the alleged wrongdoings. (SAC at ¶¶ Paragraphs 20, 142–45, 169, 170–74, 209, 213–14, 217, 233 (emphasis added).) The SAC thus makes clear that instead of substituting the six[1] newly named defendants for the Doe Defendants, Plaintiffs added them. Based on the SAC, as currently pled, the Court

---

[1] As an additional defect, the Court notes that Does 7 through 10 comprise only four unnamed defendants.

23-cv-01622-AJB-SBC

rejects Plaintiffs' contention that their addition of the Individual Defendants was permitted by the Court's prior Order. Accordingly, because Plaintiffs did not seek, and were not granted, leave to amend the complaint to add new defendants, the Court **DISMISSES** the Individual Defendants from the SAC. The dismissal is **WITHOUT PREJUDICE** to Plaintiffs substituting them for Doe Defendants consistent with the Court's prior Order or seeking to amend the complaint to add them with Defendants' consent or the Court's leave under Federal Rules of Civil Procedure 15(a).

As the Court dismisses the Individual Defendants from the SAC, the Court need not and does not consider the additional arguments in their motion to dismiss. As a final point, the Court notes that the technical defect identified could very well have been addressed by the parties without the need for court intervention. *See* Fed. R. Civ. P. 15(a). Counsel are reminded that although litigation is inherently adversarial, "the experience does not have to, and should not, be antagonistic or hostile." Local Civ. Rule 2.1(a)(1). As with all attorneys, the Court expects counsel in this case "to honor and maintain the integrity of our justice system" and "to attempt to resolve disputes promptly, fairly and reasonably, with resort to the court for judicial relief only if necessary." *Id.* 2.1(a)(2).

### B. Interference with Familial Relationship

Next, Defendants argues that Plaintiff A.N.Y.'s allegations to his claim for interference with familial relationship remain insufficiently pled.

"A decedent's parents and children generally have the right to assert substantive due process claims under the Fourteenth Amendment." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1057 (9th Cir. 2018) (citations omitted). "In the context of parent-child relationships specifically, the Supreme Court has emphasized that the rights of parents are a counterpart of the responsibilities they have assumed: 'the mere existence of a biological link does not merit equivalent constitutional protection.'" *Id.* at 1058 (quoting *Lehr v. Robertson*, 436 U.S. 248, 256–58 (1983)). Rather, to merit constitutional protection, "even biological parents must maintain consistent involvement in a child's life and participation in child-rearing activities[.]" *Id.*

23-cv-01622-AJB-SBC

Here, Plaintiffs amended the SAC to allege that: "Prior to Mr. VILLASENOR's death Plaintiff A.N.Y. was very close with his father and enjoyed his love and company. A.N.Y. would visit with Mr. VILLASENOR multiple times per week at Mr. VILLASENOR's home." (SAC at ¶ 58.) Accepting these facts as true and construing them in the light most favorable to Plaintiff A.N.Y., the Court finds it reasonable to infer that the amount and quality of time the minor spent at his father's home amount to "consistent involvement in a child's life and participation in child-rearing activities" that merit constitutional protection. *Wheeler v. City of Santa Clara*, 894 F.3d at 1058. Thus, the Court **DENIES** Defendants' motion to dismiss Plaintiff A.N.Y.'s claim for interference with familial association.

## IV.    CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. (Doc. No. 32.) Accordingly, it is **HEREBY ORDERED** that Anthony Ray, Kelly Martinez, Theresa Adams-Hydar, William Gore, and Erika Frierson are **DISMISSED WITHOUT PREJUDICE**,[2] and Plaintiff A.N.Y.'s claim for interference with familial association is **SUSTAINED**.

Any amended complaint or motion for leave to file an amended complaint consistent with this Order must be filed no later than July 31, 2025. Defendants' responsive pleading must be filed no later than August 14, 2024.

**IT IS SO ORDERED**.

Dated:  July 24, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[2]    Mike Barrett is also an individual defendant named in this action, but he is represented by separate counsel and has filed a motion to dismiss on other grounds. (Doc. Nos. 32-1 at 2 n.1; 42.) Because Mr. Barrett does not raise the issue of being improperly added as a defendant under Federal Rules of Civil Procedure 15 or the Court's prior Order, he has waived it. *See* Fed. R. Civ. P. 12(h). This Order, therefore, applies only to the Individual Defendants who brought the motion at issue here. Mr. Barrett's separate motion to dismiss remains pending. (Doc. No. 42.)

23-cv-01622-AJB-SBC